UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SHANNON ROLLINS-ALLEN, INIDIVUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER ALLEN, | **<br>*<br>*<br>*<br>* | <br><br>CIVIL ACTION<br><br>DOCKET NO.: |
| Plaintiff, | * | |
| | * | |

v.

NORTHERN CLEARING, INC.

and

CURTIS W. STEPHENS,

Defendants

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This case arises from a collision caused when Defendant Curtis Stephens, while driving distracted, drove his truck into the oncoming lane and crashed head-on into Plaintiff's vehicle, resulting in serious injuries to Plaintiff Shannon Rollins-Allen and the death of her husband, Christopher Allen.

At the time of fatal crash, Defendant Stephens—a Kentucky resident—was acting within the course and scope of his employment with Defendant Northern Clearing, Inc., a Wisconsin-based corporation hired by Center Maine Power Company ("CMP") to perform clearcutting services in Maine in connection with the powerline corridor currently being constructed to transport Canadian hydropower to New England. This project is commonly referred to as, among other things, "the CMP Corridor" and "New England Clean Energy Connect."

The crash resulted in the death of forty-six year old Christopher Allen.

4.     It also left his high school sweetheart and widow, forty-five year old Shannon Rollins-Allen, with catastrophic physical and emotional injuries. Since the crash, Shannon has been predominantly confined to a wheelchair.

5.     Plaintiff brings this action to compel Northern Clearing to take responsibility for this tragic incident, for which it and its employee are legally responsible.

## PARTIES

6.     Shannon Rollins-Allen ("Shannon" or "Plaintiff") is the Personal Representative of the Estate of Christopher Allen ("Chris"), who died on September 10, 2021, at the age of forty-six. Prior to Christopher's death, Shannon and Christopher were married and living together as husband and wife.

7.     Shannon is a resident of Madison, Somerset County, Maine.

8.     Until his death, Chris was a resident of Madison, Somerset County, Maine.

9.     Defendant Northern Clearing, Inc. is a corporation that provides clear-cutting services throughout the United States, with its principal place of business in Ashland, Wisconsin.

10.    In September 2021, Northern Clearing was providing clearcutting services for the CMP Corridor in Maine pursuant to arrangements with CMP and/or its parent company, Avangrid, Inc.

11.    Curtis W. Stephens ("Stephens") is a resident of Jeffersonville, Kentucky.

12.    At all times relevant to this action, Curtis W. Stephens ("Stephens") was an employee or agent of Northern Clearing, acting within the scope of his duties, in that his conduct was actuated, in part, by a purpose to serve Northern Clearing. As such, Northern Clearing is vicariously liable by operation of law for Stephens's negligent acts or omissions.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because: (a) there is complete diversity of citizenship between Plaintiff and Defendants and (b) the amount in controversy exceeds $75,000.

14. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, because the actions complained about herein occurred in the State of Maine, Somerset County.

## FACTS

15. On September 10, 2021, at approximately 5:42pm, Chris was driving a 2008 Chevrolet Impala eastward on Skowhegan Road in Norridgewock, Maine. Shannon was a passenger in the same vehicle.

16. Stephens was driving westward on Skowhegan Road in a commercial, single-unit truck.

17. At the time, Stephens was an employee or agent of Northern Clearing and was acting in the course and scope of his employment.

18. The truck driven by Stephens was used by Northern Clearing in the scope of its responsibilities on the CMP Corridor.

19. While driving, Stephens became distracted by looking at an electronic device and negligently crossed into the opposing lane and collided head-on with Plaintiff's vehicle.

19. Below is a photograph of Chris's vehicle after the crash:



20. Chris suffered fatal injuries and died at the scene of the crash.

21. Shannon suffered severe injuries and was transported by ambulance to Reddington-Fairview Hospital.

22. Shortly thereafter, Shannon was transferred to Maine Medical Center due to her need for a higher level of care.

## COUNT I.  WRONGFUL DEATH

23. Plaintiff re-alleges all preceding paragraphs as if set forth herein.

24. Defendant Stephens owed a duty to operate his truck in a safe and reasonable manner with due regard to other vehicles on the road and to comply with Federal and State laws, regulations, industry standards and guidelines relating to the driving of commercial vehicles on the public roads.

25. Defendant Northern Clearing owed a duty to hire, train, supervise, develop and enforce policies and manage its operations in a manner that ensure that its employees and agents operated their vehicles in a safe and reasonable manner with due regard to other vehicles on the

road and to comply with Federal and State laws, regulations, industry standards and guidelines relating to the driving of commercial vehicles on the public roads.

    26.    Defendants breached their duties of care by, among other things:

    (a) becoming distracted while driving;

    (b) crossing into the opposing traffic lane;

    (c) operating the truck without sufficient caution given the weather conditions;

    (d) violating Federal and State laws and regulations, including, but not limited to, 49 CFR § 383.110, 49 CFR § 383.111, 49 CFR § 390.3, 49 CFR § 390.11, 49 CFR § 392.14, and 16-222 CMR ch. 4.

    (e) violating industry standards and guidelines;

    (f) negligence in the hiring, training and supervision of employees;

    (g) negligence in the development and implementation of policies relating to employee drivers;

    (h) negligence in operations and planning; and

    (i) otherwise failing to follow protocols and policies to ensure that drivers would have sufficient care and regard for the safety of other motorists, including Plaintiff.

    27.    As a direct and proximate result of Defendants' negligence, Christopher Allen suffered severe injuries resulting in his death.

    28.    As a direct and proximate result of Defendants' negligence, Plaintiff has suffered emotional distress, loss of care, comfort, and companionship, pecuniary losses, and was forced to incur medical and funeral expenses.

**COUNT II. SURVIVAL CLAIM FOR PRE-DEATH CONSCIOUS SUFFERING**

    29.    Plaintiff re-alleges all preceding paragraphs as if set forth herein.

30. As a direct and proximate result of Defendant's negligence, Christopher Allen endured a period of conscious pain and suffering prior to his death.

**COUNT III.  NEGLIGENCE RESULTING IN INJURIES TO SHANNON ROLLINS-ALLEN**

31. Plaintiff re-alleges all preceding paragraphs as if set forth herein.

32. Defendant Stephens owed a duty to operate his truck in a safe and reasonable manner with due regard to other vehicles on the road and to comply with Federal and State laws, regulations, industry standards and guidelines relating to the driving of commercial vehicles on the public roads.

33. Defendant Northern Clearing owed a duty to hire, train, supervise, develop and enforce policies and manage its operations in a manner that ensure that its employees and agents operated their vehicles in a safe and reasonable manner with due regard to other vehicles on the road and to comply with Federal and State laws, regulations, industry standards and guidelines relating to the driving of commercial vehicles on the public roads.

34. Defendants breached their duties of care by, among other things:

(a) driving while distracted;

(b) crossing into the opposing traffic lane;

(c) operating the truck without sufficient caution given the weather conditions;

(d) violating Federal and State laws and regulations, including, but not limited to, 49 CFR § 383.110, 49 CFR § 383.111, 49 CFR § 390.3, 49 CFR § 390.11, 49 CFR § 392.14, and 16-222 CMR ch. 4.

(e) violating industry standards and guidelines;

(f) negligence in the hiring, training and supervision of employees;

(g) negligence in the development and implementation of policies relating to

          employee drivers;

    (h)  negligence in operations and planning;

    (i)  otherwise failing to follow protocols and policies to ensure that drivers would have sufficient care and regard for the safety of other motorists, including Plaintiff.

35.    As a direct and proximate result of Defendants negligence, Shannon Rollins-Allen suffered severe and permanent injuries, including broken ribs, a broken pelvis, broken legs, broken ankles, and shattered heel bones, emotional distress, lost earnings and earning capacity, lost enjoyment of life, and was forced to incur medical bills for her own care and treatment. All of these damages will continue into the future.

## COUNT IV.   PUNITIVE DAMAGES

36.    Plaintiff re-alleges all preceding paragraphs as if set forth herein.

37.    Defendants' acts or omissions alleged herein demonstrated such a disregard for the consequences and the safety of others that they amount to actual or implied malice.

WHEREFORE, Plaintiff prays for judgment as follows:

1.    All categories of damages recoverable under Maine's Death Act, including emotional distress, loss of consortium, pecuniary loss, medical expenses, funeral expenses and punitive damages.

2.    All damages recoverable for decedent's common law injury claim, which survives decedent's death and becomes property of the Estate, including damages for decedent's emotional distress, pain and suffering, and punitive damages.

3.    All damages recoverable for Shannon Rollins-Allen's personal injury claim, including pain and suffering, lost earnings and earning capacity, loss of enjoyment of life, emotional distress, permanent impairment, extraordinary

      medical expenses and punitive damages.

4. Interest, costs, and such other relief as the Court deems just and equitable.

## Demand for Jury Trial

Plaintiff hereby requests that her claim be tried by a jury.

Date: December 6, 2021

/s/ Meryl Poulin, Esq.
Meryl E. Poulin, Esq.
Maine Bar No.: 5960
Taylor A. Asen, Esq.
Maine Bar No.: 5832
19 Yarmouth Drive, Suite 203
New Gloucester, ME  04260
Attorneys for Plaintiff
service@gideonasenlaw.com